W. L. F. COREY v. S. R. FOWLE and W. C. RODMAN.

(Filed 20 December, 1912.)

1. Legal Proceedings — Presumptions — Sales—Deeds and Conveyances—Homestead—Excess—Debts Contracted Prior to 1868—Constitutional Law.

The presumption is in favor of the validity of judicial proceedings, and where a tract of land has been sold under a judgment on a debt contracted prior to the Constitution of 1868, and the homestead has since been laid off in a part thereof, in the absence of evidence to the contrary it will be presumed that the excess was first sold, and the proceeds being insufficient to pay the debt, the homestead was then sold, and the deed of the sheriff conveying the entire tract will be held valid.

**2. Limitation of Actions—Adverse Possession—Color.**

> *Held*, in this case, involving title to lands in dispute, the charge was correct that though the title passed to the defendant by his deed, the plaintiff could recover by showing title by adverse possession, not under color for twenty years, and under color for seven years.

BROWN, J., did not sit.

APPEAL by plaintiff from *Webb, J.,* at May Term, 1912, of BEAUFORT.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*T. J. Jarvis, F. C. Harding, B. B. Nicholson, E. A. Daniel, and A. O. Gaylord for plaintiff.*
*Rodman & Rodman, Small, MacLean & McMullan, and Ward & Grimes for defendants.*

CLARK, C. J. The land in question was sold 3 November, 1870, under executions against H. D. Ecklin and the sheriff executed a deed therefor to Joshua B. Hill, which deed was recorded 7 March, 1871, and the defendants claim thereunder through mesne conveyances. The same land was sold again under execution against H. D. Ecklin and the deed was executed 3 June, 1878, to the purchaser, G. H. Brown, and recorded 20 May, 1895. The plaintiffs claim through mesne conveyances under this deed.

On 12 March, 1869, Ecklin by proceedings before a justice of the peace had his homestead laid off of 590 acres and recorded, but in the deed from the sheriff to Hill, recorded 7 March, 1871, there is no reservation of this exemption, but the entire tract of 690 acres is conveyed, including the 590 acres which had been laid off to Ecklin as his homestead. Under the decision in *Edwards v. Kearsey,* 96 U. S., 595, October Term, 1887, it was held that the homestead exemption was invalid as to debts contracted prior to the Constitution of 1868. The judgments upon which executions issued under which this land had been sold and conveyed to Hill were for debts contracted prior to 1868. The land was sold under similar executions in

1878. The judgments being dormant, the defendant therein, Ecklin, indorsed on the back, "This judgment has not been satisfied."

At this last sale in 1878 the property was bought in for the benefit of the children of Ecklin and afterwards conveyed by the purchaser at their instance to Corey, under whom the present plaintiff claims. The idea seems to have been that which was afterwards laid down in *Mebane v. Layton,* 89 N. C., 397, that notwithstanding the executions were for the collection of debts contracted prior to the Constitution of 1868, that the homestead should have been laid off first, and after that, if not sufficient to pay the debt, the excess should have been sold, and that if the homestead was not laid off the sale was invalid. The homestead in this case was laid off as we have seen, and it does not appear in the record that the excess was not first sold. The entire tract of land belonging to Ecklin was conveyed to Hill, and the purchase price was less for the entire tract than the face of the executions, which fact appears both from the purchase price recited in the deed and also from the fact that the land was subsequently sold in 1878 under executions on judgments upon debts contracted before 1868, upon which the indorsement of Ecklin recited, "This has not been satisfied." In the absence of evidence, the presumption is in favor of the regularity of judicial proceedings, and that the excess was first sold and then the homestead. There is nothing in the record to rebut this presumption. Unless it appears that the sale of the excess would have paid the debt, the deed for the entire tract is valid. *Miller v. Miller,* 89 N. C., 402, and other cases cited in *Morrison v. Watson,* 101 N. C., at page 337.

The decisions that sales under executions issued on debts antedating the Constitution are invalid unless the homestead was allotted (*Mebane v. Layton,* 89 N. C., 397, and the like) do not apply, because here the homestead had been allotted and recorded. Besides, the decisions so holding were overruled in *Long v. Walker,* 105 N. C., 90. This last case has been followed, *Shaffer v. Gaynor,* 117 N. C., 27; *Campbell v. Potts,* 119 N. C., 530, and in other cases.

R. R. *v.* Gahagan.

His Honor correctly charged the jury that the legal title passed to Hill under the prior deed, but that the plaintiff could recover if he showed that he and those under whom he claims had held the land adversely under known and visible bounds for twenty years; or that the plaintiff could recover if he showed that he and those under whom he claims have held open, notorious, continuous, and adverse possession of the land for seven years under color of title, and that the sheriff's deed to Brown was color of title. There was conflicting evidence as to the possession of the land, and this matter, which was purely one of fact, was fairly submitted to the jury. The jury found their verdict in favor of the defendants.

There are no exceptions in the record except to the charge and to the failure to give one prayer for instruction. The points presented by these exceptions have been often settled by decisions of this Court, and do not require to be repeated.

The controversy, in fact, is almost entirely one of fact, the principles of law being well settled. The evidence is very voluminous and the trial, it seems, occupied three days. On this account we have very carefully examined the record, but find no doubtful proposition of law raised by the exceptions, and the findings of fact by the jury are not reviewable by us.

No error.

Brown, J., did not sit on the hearing of this appeal.