### W. A. JOHNSON v. ROBERT C. SINK.

(Filed 8 June, 1940.)

**1. Judicial Sales § 6—**

The presumption is in favor of the regularity of a judicial sale.

**2. Homestead § 8: Execution § 20—**

In an action in ejectment instituted by the purchaser of the land at execution sale, the burden is upon the judgment debtor attacking the title on the ground that his homestead had not been allotted in the land, to show that his homestead had not been allotted and that he was entitled to homestead therein, and the mere statement of the purchaser on cross-examination to the effect that homestead had not been allotted in the land is insufficient to justify judgment as of nonsuit, plaintiff purchaser having established *prima facie* title under the execution sale.

APPEAL by plaintiff from *Olive, Special Judge,* at October Term, 1939, of DAVIDSON.

Civil action in ejectment.

Plaintiff seeks to recover possession of a house and lot situate on the Lexington-Thomasville Highway in Davidson County. In deraigning title, he offered in evidence commissioner's deed tending to show that he purchased the property at a judicial sale on 12 January, 1939. He then offered registry of deed dated 1 October, 1912, vesting title in Robert C.

Sink. Further, that on 10 October, 1938, John A. Sink brought suit in the Superior Court of Davidson County against Robert C. Sink and wife, defendants herein, to recover $561.46 due for materials furnished and used in the construction of their house on the lot in question and to enforce a material-furnisher's lien upon the premises. This action was duly prosecuted to judgment, commissioner appointed, sale had at which the plaintiff became the last and highest bidder for $1,500, sale confirmed, deed executed by the commissioner, demand by plaintiff for possession, possession denied, and the present action was then instituted.

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.

*McCrary & DeLapp for plaintiff, appellant.*
*James W. Keel, Jr., and H. R. Kyser for defendant, appellee.*

STACY, C. J. It is the position of the defendant that the commissioner's deed under which plaintiff claims title to the *locus in quo* is void for the reason that the sale of the premises was had without first allotting to the defendant his homestead. *Fulton v. Roberts,* 113 N. C., 421, 18 S. E., 510; *Morrison v. Watson,* 101 N. C., 332, 7 S. E., 795; *McCanless v. Flinchum,* 98 N. C., 358, 4 S. E., 359. The first and only reference to homestead appearing on the record is in the cross-examination of the plaintiff: "Q. Mr. Sink didn't have any homestead allowed to him in this judgment of John A. Sink? A. Not that I know about." This, it seems to us, is insufficient to overcome the presumption of regularity in the judicial proceeding. *Corey v. Fowle,* 161 N. C., 187, 76 S. E., 734; *Mobley v. Griffin,* 104 N. C., 112, 10 S. E., 142. *Non constat* that he may not have had a homestead allotted in other lands, or that he was entitled to homestead in the present land. At any rate, the burden was on the defendant to show that no homestead had been allotted to him. *Fulton v. Roberts, supra.* This he has not carried.

It may be that upon a proper showing, the case will ultimately be controlled by the decision in *Cumming v. Bloodworth,* 87 N. C., 83, rather than the conclusion reached in *Cameron v. McDonald,* 216 N. C., 712. However, upon the record as presented, *prima facie* at least, it would seem that the plaintiff has shown enough to defeat the motion to nonsuit. *Mobley v. Griffin, supra; Fulton v. Roberts, supra.*

Reversed.