HENDERSON COUNTY v. WILLIAM JOHNSON, JR., ET AL.

(Filed 12 October, 1949.)

1. **Appeal and Error §§ 6c (2), 40a—**

   Where there are no exceptions to the findings of fact, and the sole assignment of error is to the court's conclusions of law and in signing the judgment, only the face of the record is presented for inspection and review.

2. **Judgments § 18—**

   The findings of fact by the trial judge and the presumption of regularity arises from the fact that a court of general jurisdiction had acted in the matter, *is held* sufficient to sustain judgment denying motion to vacate a prior decree of foreclosure of a tax sale certificate on the ground that no valid service was obtained against the defendants therein.

3. **Same—**

   A *prima facie* presumption of rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter.

APPEAL by movants from *Pless, J.,* in Chambers at Marion, 11 January, 1949; from HENDERSON.

Motion by William Johnson, Jr., and wife to vacate judgment and order of confirmation in tax certificate foreclosure and to redeem land.

This action was instituted 5 September, 1934, to foreclose tax certificates for the years 1929-1930-1931. Decree of foreclosure was entered 15 December, 1947, and order of confirmation on 27 February, 1948. Deed was executed to Henderson County 16 March, 1948, and thereafter conveyed by Henderson County to Mrs. B. B. Hill by deed dated 2 July, 1948, and duly spread upon the public registry of the county.

Motion to vacate was filed herein 6 December, 1948, grounded on the allegation that no valid service was obtained in the cause and that the judgment of foreclosure and order of confirmation were void for want of jurisdiction.

The motion was denied by the Clerk and on appeal to the Judge of the Superior Court, elaborate findings of fact were made and the judgment of the Clerk was ratified and confirmed.

Movants appeal, assigning as error "The Court erred in its conclusions of law and in signing the judgment as appears in the record."

*L. B. Prince and M. F. Toms fro plaintiff, appellee.*
*R. L. Whitmire for defendants-movants, appellants.*

STACY, C. J. The question for decision is the sufficiency of the record to support the judgment. There are no exceptions to any of the findings of fact. Hence, only the face of the record is presented for inspection and review. *In re Collins,* 226 N.C. 412, 38 S.E. 2d 160; *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601; *Vestal v. Vending Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427; *Brown v. Truck Lines,* 227 N.C. 65, 40 S.E. 2d 476; *Harney v. Comrs. of McFarlan,* 229 N.C. 71, 47 S.E. 2d 535; *Rhodes v. Asheville,* 229 N.C. 355, 49 S.E. 2d 638; *Parker v. University, ante,* 656.

In addition to the facts found by the Judge, which are fortified by recitals in the judgment and the commissioner's deed, *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26; *Everett v. Newton,* 118 N.C. 919, 23 S.E. 961, G.S. 98-16, the regularity of the proceeding is further supported by the principle *omnia rite acta praesumuntur. Williamson v. Spivey,* 224 N.C. 311, 30 S.E. 2d 46; *Downing v. White,* 211 N.C. 40, 188 S.E. 815; *Starnes v. Thompson,* 173 N.C. 466, 92 S.E. 259; *S. v. Mann,* 219 N.C. 212, 13 S.E. 2d 247. "A *prima facie* presumption of rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter." *Williamson v. Spivey, supra; Graham v. Floyd,* 214 N.C. 77, 197 S.E. 873; *S. v. Adams,* 213 N.C. 243, 195 S.E. 822.

On the record as presented, no exceptive assignment of error is revealed which would seem to call for a disturbance of the judgment.

Affirmed.