DOLLIE M. WADSWORTH (WIDOW) v. WALTER B. WADSWORTH, JR. (MINOR), AND L. AUSTIN STEVENS, GUARDIAN AD LITEM FOR WALTER B. WADSWORTH, JR. (MINOR).

(Filed 19 December 1963.)

**1. Judicial Sales § 1—**

There must be an order for a judicial sale entered by a court having jurisdiction of the subject matter and the parties as prerequisites of a valid judicial sale.

**2. Judicial Sales § 4—**

Confirmation cannot validate a void judicial sale.

**3. Judicial Sales § 2—**

The court has discretionary power to order either a public or private sale of an interest in land owned by a minor who is represented by a guardian *ad litem.* G.S. Ch. 1, Art. 29A.

**4. Judicial Sales § 3—**

Every private sale of real property under order of the court is subject to upset bids, G.S. 1-339.36(a) and upon the filing of an upset bid G.S. 1-339.27(a) applies, and to all intents and purposes the sale thereafter becomes a public sale and is subject to the statutory requirements of resale.

**5. Same— Reports of intermediate bids as sales by commissioner authorized to sell to highest bidder at private sale is irregularity.**

Where order for a private sale is entered by the court having jurisdiction of the parties and the subject matter, and the order directs the sale to be for cash to the highest bidder, and the commissioner receives a series of bids from two interested parties, and reports each bid to the court as a "sale," but no order for resale is made or any order for sale to any intermediate bidder with provision for such sale to stand for confirmation in default of an upset bid, the confirmation of the last and highest bid received constitutes but a single private sale in accordance with the order of the court, and the report of the commissioner of each bid as a "sale" is but an irregularity.

**6. Judicial Sales § 7—**

The purchaser at a judicial sale may not avoid his obligation to comply with his bid after confirmation for mere irregularities which do not prejudice him, there being no mistake, fraud, or collusion.

APPEAL by plaintiff and defendant from *Braswell, J.,* April 1963 Session of JOHNSTON.

Proceedings for sale of standing timber.

The petition, filed 8 May 1962, alleges in substance the following facts: Walter B. Wadsworth, Sr., died intestate in January 1956 seized of certain real estate, including two tracts of land in Bentonville Township, Johnston County, aggregating approximately 725 acres. Plaintiff, widow of intestate, has an unallotted dower interest in these tracts, and defendant, 16-year old son and only heir of intestate, owns said tracts in fee subject to plaintiff's dower. The 725 acres are woodlands, having a considerable growth of timber, mainly hardwood, which has reached maturity. Because the timber is mature, some of it is beginning to deteriorate in quality and decrease in value. It would be for the best interests of plaintiff and defendant that the timber be sold and from the proceeds plaintiff be paid the present cash value of her dower interest and the remainder be invested for the benefit of the minor defendant. The best price can be obtained by a private sale since the acreage is large and it will require considerable time for prospective buyers to "cruise" and estimate the timber.

A guardian *ad litem* was duly appointed for defendant and he filed answer, verified 30 May 1962, admitting all the allegations of the petition and averring that the timber is mature and ready for cutting and, due to the hazards of fire, decay and disease, it would be for the best interest of the minor defendant that it be sold.

The clerk of superior court found as facts the matters, in detail, alleged in the petition and answer, and ordered, adjudged and decreed "that the sale of the timber . . . is necessary for the best interest of the preservation of the estate of said minor defendant," that E. V. Wilkins is appointed commissioner of the court and is "authorized, empowered and directed to sell said timber at a private sale for cash to the highest bidder, said private sale to be conducted according to the law regulating said private sales," and "that the highest bidder be required to make a deposit of ten (10) per cent of his bid as evidence of good faith and that said commissioner shall report said sale to the court for confirmation." The cause was retained for further orders.

Ward Lumber Company (hereinafter Ward) and Stimson Lumber Company (Stimson) were interested in purchasing the timber. They alternately offered bids as detailed in the following table:

WADSWORTH *v.* WADSWORTH.

| Date | Bidder | Amt. of Raise | Bid |
|------|--------|---------------|-----|
| Oct. 29, 1962 | Ward | | $15,000.00 |
| Nov. 8 | Stimson | $    800.00 | 15,800.00 |
| Nov. 12 | Ward | 840.00 | 16,640.00 |
| Nov. 23 | Stimson | 882.00 | 17,522.00 |
| Nov. 30 | Ward | 926.10 | 18,448.10 |
| Dec. 10 | Stimson | 972.40 | 19,420.50 |
| Dec. 20 | Ward | 1,021.00 | 20,441.50 |
| Dec. 31 | Stimson | 1,072.08 | 21,513.58 |
| Jan. 10, 1963 | Ward | 1,125.68 | 22,639.26 |
| Jan. 21 | Stimson | 1,181.96 | 23,821.22 |

The bids were for all merchantable timber, 14 inches in diameter, 10 inches above the ground, with a period of 5 years from the date of the deed for removal of the timber. The commissioner required the bidders to raise the previous bid in the minimum amount fixed by statute for raises in judicial sales. G.S. 1-339.25. Bids remained open for 10 days. The commissioner reported to the court each bid he received, and in each report stated that he verily believed the price offered was fair and as much or more than the timber would bring at public auction, and recommended that "the matter be allowed to remain open for ten days as by law required and that if no advance bid is filed with the court that the sale hereby reported be confirmed." There were no orders of resale after bids were raised.

On 5 February 1963 the clerk signed an order confirming the sale of the timber to Stimson for the price of $23,821.22. The order was approved by MacRae, J. It recited in detail the bids which had been offered and reported, the terms of sale, and that no advance bid had been offered within 10 days after the last report. The order decreed that a sale of the timber to Stimson on the terms and for the price stated ($23,821.22) "is hereby directed and in all respects confirmed." The commissioner was directed, upon receipt of the purchase money, to execute and deliver to Stimson "a good and sufficient timber deed."

Upon tender of the deed to Stimson, it refused to accept the deed and pay the purchase money. Plaintiff, defendant and the commissioner petitioned for an order requiring Stimson to show cause why it should not comply. The petitioners expressly ratified the sale and attached to the petition affidavits of third persons to the effect that the price last offered by Stimson was fair and adequate and "as much, if not more, than anyone would give for same *(sic)* at either public or private sale."

The clerk made an order requiring Stimson to appear 22 March 1963 and show cause why it should not be compelled to honor its bid. Stim-

son answered the petition and asserted that the sale was void for failure of compliance with certain provisions of G.S., Ch. 1, Art. 29A, especially G.S. 1-339.1 to G.S. 1-339.40, in that there were no orders of resale. Stimson requested that its deposit of $1,181.96 be refunded.

There was a hearing pursuant to the show cause order, and the clerk ordered Stimson to honor its bid. Stimson appealed to superior court.

Judge Braswell found, among other things, the following pertinent facts:

"4. That on June 6, 1962, the Clerk of the Superior Court of Johnston County entered an order appointing E. V. Wilkins commissioner to sell said timber as described in the Petition at private sale according to the laws regulating private sales.

"5. That, pursuant to said order, the Commissioner obtained a private bid in the amount of $15,000.00; that within 10 days, Stimson Lumber Company, Inc. raised the bid on said timber in the amount required by law; that thereafter, on different dates, E. V. Wilkins, purporting to act as Commissioner, received private bids through January 1, 1962 *(sic).*

"6. That the last private bid was in the amount of $23,821.22 received from Stimson Lumber Company, Inc., and that a deposit of $1,181.96 was made with the said E. V. Wilkins.

"7. That no order of sale was signed, issued or entered authorizing or directing E. V. Wilkins, Commissioner, to receive any bids other than the original order which was entered on June 6, 1962; that on February 5, 1963, an order of confirmation was entered by the Clerk of the Superior Court, which was approved by his Honor James MacRae, Judge of the Superior Court, as appears of record.

"8. That immediately after the confirmation order was signed E. V. Wilkins notified Stimson Lumber Company, Inc., that he was ready to deliver to said Stimson Lumber Company, Inc. a deed upon payment of the purchase price.

"9. That the said Stimson Lumber Company, Inc. declined to accept the deed for said timber for that said E. V. Wilkins could not convey a good and marketable title to said timber on account of the irregularities in the proceeding and the lack of authority of said E. V. Wilkins to receive bids or to offer said timber for sale;

. . . . .

"11. That there was no order authorizing or directing a public sale at auction, after the raised bid made subsequent to the first

private sale bid and that all subsequent purported private sales and raised bids at private sales and the last bid, as made and tendered by the prospective high bidder, Stimson Lumber Company, Inc., is a nullity.

"12. That the requirements as to procedure relating to Judicial Sales under the Statute when a raise of bid is made, are mandatory.

"13. That Stimson Lumber Company, Inc. is entitled to have refunded to it by E. V. Wilkins, acting as Commissioner, the deposit which it made in the amount of $1,181.96."

Upon the foregoing findings the court decreed that the sale was a nullity and ordered that Stimson's deposit be refunded. Plaintiff, defendant and the Commissioner appeal.

*L. Austin Stevens, Guardian Ad Litem for Walter B. Wadsworth, Jr.*
*E. V. Wilkins for appellants.*
*Albert A. Corbett for appellee, Stimson Lumber Company, Inc.*

MOORE, J.  Appellee contends, and the court below concluded, that the purported sale of the timber to appellee at the price of $23,821.22 is void for failure of the clerk to make orders of resale vesting the commissioner with authority therefor.

There are certain absolute prerequisites of a valid judicial sale. ". . . (I)t is necessary, in order that a judicial sale may be validly made, that the court by which it was ordered shall have the general power to decree a sale, and that in a particular case the jurisdiction of the court over the subject matter and parties shall have been acquired in a proper manner." 50 C. J. S., Judicial Sales, s. 2, p. 579. "There can be no valid judicial sale without an order or decree directing it . . . ." *ibid,* s. 8, p. 582. Accord: *Cherry v. Woolard,* 244 N.C. 603, 94 S.E. 2d 562; *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26; *Park, Inc. v. Brinn,* 223 N.C. 502, 27 S.E. 2d 548.

"Confirmation cannot supply the lack of original authority to make the sale, as where . . . the officer selling acted without authority, for a sale without authority is a mere nullity and cannot be given legal validity by the recognition and ratification which confirmation supplies." 30A Am. Jur., Judicial Sales, s. 143, p. 985.

The clerk of superior court, without question, has general jurisdiction of special proceedings, and in the instant case had jurisdiction of the subject matter and parties, and made an order, initially, decreeing a sale of the timber, appointing a commissioner to make the sale, and

authorizing and directing a *private* sale thereof. The narrow question presented is whether under the circumstances of this case an order of resale, or orders of resale, was or were mandatory.

As a general proposition, in appropriate circumstances "an order of resale is always proper and generally necessary in order to charge a defaulting purchaser." 50 C.J.S., Judicial Sales, s. 70, p. 695.

Under our former statute, the court having jurisdiction might, in the exercise of its discretion, order a sale of land where minors were interested and represented by guardian *ad litem*, either at public or private sale. *Ryder v. Oates*, 173 N.C. 569, 92 S.E. 508. The court likewise has this discretion under the 1949 act, G.S., Ch. 1, Art. 29A. This act does not specify the conditions under which a private sale may be ordered and it is therefore a discretionary matter for the court in a particular case. The number of persons interested in the purchase of large bodies of standing timber is much more limited than in the purchase of such real estate as farms, homes and small parcels of land. In the sale of such timber a commissioner, if permitted to sell privately, has freedom to canvass prospective buyers, give time for viewing and estimating the timber, and negotiate directly with prospects, without being restricted by the formal requirements of a public sale.

Every private sale of real property is subject to an upset bid. G.S. 1-339.36(a). Such upset bid shall be submitted to the court within 10 days after the filing of the report of sale, and shall be in an amount specified by statute. G.S. 1-339.25. "When an upset bid is made for property sold at private sale, subsequent procedure with respect thereto shall be the same as for the public sale of real property for which an upset bid has been submitted . . . ." G.S. 1-339.36(b). Thus, when an upset bid is submitted in a private sale, G.S. 1-339.27 applies and to all intents and purposes the sale thereafter becomes a public sale. When the upset bid is submitted to the court, a resale shall be ordered, a notice of the resale shall be posted at the courthouse door for 15 days immediately preceding the sale and published in a newspaper once a week for two successive weeks. G.S. 1-339.27.

The order of sale entered by the clerk on 6 June 1962 authorized the commissioner to sell the timber "at a private sale for cash to the *highest bidder*, said private sale to be conducted according to the law regulating said private sales," and ordered the commissioner to "report said sale to the court for confirmation." It will be observed that the court did not order a sale to Ward for $15,000, such sale to stand for confirmation in default of an upset bid. The order was to sell "to the highest bidder." That is, to the bidder who offered the highest price. There is nothing in the statute which restricts the court in laying down guide

lines and giving directions for the making of a private sale in the first instance. Indeed, it is the duty of the court to give directions to the commissioner. "Except to the extent that they are not controlled by statute, the terms of a judicial sale are within the discretion of the court." 50 C.J.S., Judicial Sales, s. 13, p. 596.

There were ten bids, but in our opinion only one sale, and that *to the highest bidder* as the court had ordered. It is true that the commissioner reported the bids as if they were sales, and followed the provisions of G.S. 1-339.25 in the acceptance of bids. Even if he proceeded under a misapprehension of his duty and a misunderstanding of the order under which he acted, the substance of what he did was a sale at the highest bid received by him. That he kept the court advised of his progress, bid by bid, by making what purported to be reports of sales, does not alter the fact that the sale to the highest bidder was in compliance with, and within the terms of, the order of sale. If he had only reported the last bid received by him, appellee's contention would never have arisen. The excessive reports are mere irregularities. The presumption is in favor of the validity of judicial proceedings. *Johnson v. Sink*, 217 N.C. 702, 9 S.E. 2d 371. There was only one sale and no necessity for an order of resale.

One who seeks relief by reason of irregularities in the proceedings must show that he has been prejudiced thereby. *Franklin County v. Jones*, 245 N.C. 272, 95 S.E. 2d 863; *Harris v. Brown*, 123 N.C. 419, 31 S.E. 877; *Stancill v. Gay*, 92 N.C. 455; *Hervey & Co. v. Edmunds*, 68 N.C. 243; 50 C.J.S., Judicial Sales, s. 62, p. 685. A decree of confirmation entered by a court of competent jurisdiction may not be set aside as to the purchaser, when the proceedings are merely irregular except for mistake, fraud or collusion. *Franklin County v. Jones, supra.* There is nothing in the record which indicates that the purchaser, Stimson, has been prejudiced by the irregularities indicated. So far as the record discloses it was dealing at arm's length, it made an offer of $23,821.22, the offer was accepted and it is bound by its contract.

Proceedings outlined by statute for the holding of judicial sales (exclusive of the absolute prerequisites referred to in the outset of this opinion) and giving notice thereof are "merely methods of administration and disposition of property by fiduciary officers, their purpose being that the price received shall be greater, and not that the title given shall be better." 50 C.J.S., Judicial Sales, s. 16, p. 601; *Putnam v. Connor*, 80 S. 265.

The judgment below is

Reversed.