HENDERSON COUNTY AND LINCOLN K. ANDREWS v. FRANK OSTEEN (NOW DECEASED), HARLEY OSTEEN (IN HIS CAPACITY OF ADMINISTRATOR OF THE ESTATE OF FRANK OSTEEN), AND ELLIE O. CHEATWOOD, UFAULA O. STEPP, HAZEL O. STEVENSON, BLANCHE O. KING, HARLEY OSTEEN, SYLVENE O. SPICKERMAN, GRETA O. ALLEN, JEAN O. HOLDEN, MITCHELL M. OSTEEN, CARL M. OSTEEN, MARTHA SUE O. BROWN, JAMES D. OSTEEN AND THELMA O. TAYLOR AS ALL THE HEIRS AT LAW OF FRANK OSTEEN, DECEASED

No. 3

(Filed 20 April 1979)

1. **Public Officers § 8.1; Taxation § 41.2— presumption of regularity of official acts—applicability to mailing of tax sale notice**

  The presumption of the regularity of official acts applies to the mailing of notice to a taxpayer of a foreclosure sale of his property as required by G.S. 105-392(c) (now G.S. 105-375(i) ), and the party attacking the foreclosure sale has the burden of proving that such notice was not mailed to the taxpayer.

2. **Taxation § 41.2— tax foreclosure sale—finding that notice not mailed to taxpayer**

  The trial court's finding that the sheriff's office failed to mail notice of a 1970 tax foreclosure sale to the taxpayer was supported by the evidence where the parties stipulated that no record of mailings by the sheriff's office in 1970 can now be found, and movant offered evidence that the taxpayer died prior to the sale, no notice of the tax foreclosure sale was found among deceased taxpayer's personal papers during a diligent search following his death, and no letter addressed to the taxpayer had been returned to the sheriff's office, although evidence that a regular procedure for mailing notices of tax foreclosures was followed by the sheriff's office would have supported a contrary finding.

  Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by plaintiff Lincoln K. Andrews pursuant to G.S. 7A-30(2) from the decision of the Court of Appeals, 38 N.C. App. 199, 247 S.E. 2d 636 (1978), (*Martin, Robert J.*, concurred in by *Brock, C.J.*, with *Arnold, J.*, dissenting) which affirmed the order of *Smith (David), J.*, entered at the 26 July 1977 Session of HENDERSON Superior Court. Argued as No. 125 at Fall Term 1978.

The facts giving rise to this appeal are set out in *Henderson County v. Osteen*, 28 N.C. App. 542, 221 S.E. 2d 903 (1976), *rev'd and remanded*, 292 N.C. 692, 235 S.E. 2d 166 (1977). We, therefore, do not set them out fully here but limit ourselves to a recitation

of those additional facts adduced at the hearing on remand which are pertinent to resolving the issues presented by this appeal.

This case was "remanded to the Superior Court for a finding by it as to whether the notice of the execution sale required by G.S. 105-392(c) (now G.S. 105-375(i)) was mailed by registered or certified mail by the sheriff addressed to Frank Osteen, at his last known address, at least one week prior to the date fixed for the execution sale." 292 N.C. 692 at 711. On remand, the trial court, after presentation of evidence by defendants and plaintiffs, found as a fact that notice was not mailed in the prescribed manner by the sheriff of Henderson County and entered an order setting aside the sale of the property.

At the hearing defendants' evidence tended to show: (1) that Frank Osteen died on 17 July 1970; (2) that Harley Osteen duly qualified as the administrator of decedent on 27 July 1970; (3) that the valuable papers of the decedent had been carefully examined by the administrator and another brother of the decedent and that they had found no notice of sale addressed to Frank Osteen; (4) that defendant administrator orally notified the post office authorities to forward the mail addressed to Frank Osteen to him, and that no notice concerning the property in question was thereafter received by him although he received a notice mailed by the sheriff's office pertaining to taxes on some other property of the decedent.

It was then stipulated that no records of mailings made by the sheriff's office in 1970 could now be found. At the close of the defendants' evidence, plaintiffs moved for dismissal on the ground that defendants' evidence was insufficient as a matter of law to prove that the notice had not been mailed. This motion was denied.

Plaintiffs' evidence at the hearing tended to show: (1) Henderson County Assistant Clerk of Superior Court, Edith Hesterley, who had a reputation for reliable work, prepared and addressed the envelopes and execution forms for mailing the notices of foreclosure in 1970 from a list of judgments on which Frank Osteen's name and address appeared. The notices were prepared with a group of approximately 130 others, and she had "no particular recollection" of preparing Frank Osteen's notice. (2) Edith Hesterley customarily gave the prepared notices to the sheriff's

office for signing and mailing. (3) J. Neal Grissom was the chief deputy sheriff in Henderson County in 1970. He was responsible for administrative work in the office of Sheriff Kilpatrick in 1970, and the work included the mailing of notices of foreclosure. He mailed the notices delivered to him in 1970 as a group after making an entry of the names of persons to whom notices were sent in a record book maintained by the sheriff's office. He did not "particularly recall" who entries were made for in 1970. (4) G. L. Smith's name was on the list of notices prepared by Edith Hesterley in 1970, and he received a notice of sale addressed to him and delivered by certified mail more than one week prior to the sale date. (5) Records of certified mailings are kept by the Hendersonville post office for three years, and the records for 1970 have been destroyed.

At the close of the evidence, the trial court found as a fact that the Sheriff of Henderson County did not mail by registered or certified mail addressed to Frank Osteen, at his last address, at least one week prior to the date fixed for the execution sale, a notice of the sale required by G.S. 105-392(c) (now G.S. 105-375(i) ), and entered the order setting aside the sale for lack of notice.

Plaintiff Andrews appealed and the Court of Appeals affirmed.

*Prince, Youngblood, Massagee & Creekman, by James E. Creekman, for plaintiff-appellant.*

*James C. Coleman for defendant-appellees.*

BRITT, Justice.

[1] Plaintiff Andrews (appellant) contends the trial court erred in denying his motion for dismissal at the close of defendants' evidence as that evidence fails to rebut the presumption of regularity which attaches to official acts of public officers. He further contends that defendants' evidence, even if sufficient to overcome the presumption, is inadequate as a matter of law to sustain the burden of proving that notice of the sale was not duly mailed by the sheriff's office.

The Court of Appeals affirmed the trial court's order setting aside the sale, holding that the presumption of regularity does not apply to tax sales of realty and that the burden of prov-

ing the validity of the tax sale is on the purchaser at the sale. While we agree with the Court of Appeals that the order appealed from should be affirmed, we cannot agree with the rationale upon which its decision is based.

We accept appellant's contention that the presumption of regularity is applicable to this case but we do not agree with him that movant Osteen's evidence was so inadequate as to require dismissal as a matter of law. It is well settled that the trial court, except in the clearest of cases, should decline to rule on a motion to dismiss under G.S. 1A-1, Rule 41(b), until the close of all the evidence. *Whitaker v. Earnhardt,* 289 N.C. 260, 221 S.E. 2d 316 (1976); *Helms v. Rea,* 282 N.C. 610, 194 S.E. 2d 1 (1973). The trial court wisely chose that course of action in this case.

The presumption of regularity of official acts is applicable to tax proceedings in this state. *In Re Appeal of Amp, Inc.,* 287 N.C. 547, 215 S.E. 2d 752 (1975) (*ad valorem* tax assessment); *Electric Membership Corp. v. Alexander,* 282 N.C. 402, 192 S.E. 2d 811 (1972) (tax valuation by State Board of Assessment); *Henderson County v. Johnson,* 230 N.C. 723, 55 S.E. 2d 502 (1949) (validity of service in tax certificate foreclosure); *Clifton v. Wynne,* 80 N.C. 145 (1879) (tax list properly prepared). While the regularity presumption is not applied in tax cases in all jurisdictions, a substantial number of decisions have permitted the use of the presumption where the validity of the tax proceeding was assailed. *Davis v. State,* 1 Ariz. App. 264, 401 P. 2d 749 (1965) (tax sale); *Canyon Crest Villas South v. Board of County Commissioners of Arapahoe County,* 36 Col. App. 409, 542 P. 2d 395 (1975) (notice of assessment increase presumed to be properly and timely mailed); *Wells v. Thomas,* 78 So. 2d 378 (Fla. 1955) (clerk of court presumed to have mailed notice of sale); *Kight v. Gilliard,* 215 Ga. 152, 109 S.E. 2d 599 (1959) (taxing authorities presumed to perform duties regularly and at proper time); *Staring v. Grace,* 97 So. 2d 669 (La. App. 1957) (tax sale presumed regular); *Shoemaker v. Tax Claim Bureau,* 27 Pa. Cmwlth Ct. 211, 365 A. 2d 1320 (1976) (presumption of regularity supplies fact that notice of sale was properly posted); *Poster v. Wilson,* 389 S.W. 2d 650 (Tex. 1965) (tax assessment); *Row v. M & R Pipeliners, Inc., and Keystone Acceptance Corp. v. M & R Pipeliners, Inc.* --- W. Va. ---, 202 S.E. 2d 816 (1973) (presumption of proper issuance of order of attachment necessary to validity of sale).

In *Henderson County v. Johnson, supra,* movant Johnson sought to have a tax certificate foreclosure set aside for insufficient service of process. The presumption of regularity was employed in favor of plaintiff to provide additional support for the court's finding that defendant had been adequately apprised of the sale proceeding. The court said that "[i]n addition to the facts found by the Judge . . . the regularity of the proceeding is further supported by the principle *omnia rite acta praesumuntur.*" 230 N.C. 723, 724. The case at bar is analogous. Under G.S. 105-392 (now G.S. 105-375) the taxpayer has constructive notice of the tax lien. Before the tax sale can take place, however, the sheriff is required to mail notice of the sale to the taxpayer at his last known address. G.S. 105-392(c) (now G.S. 105-375(i) ). We believe the presumption of regularity of official acts should be applicable to the mailing of this notice by the sheriff's office. We, therefore, hold that plaintiffs were entitled to the benefit of the presumption in this case. The question which then arises is the effect to be given this presumption.

Presumption is a term which is often loosely used. It encompasses the modern concept of an inference where the basic fact (in this case, the regular performance of official duties) is said to be *prima facie* evidence of the fact to be inferred (that notice was duly mailed). It also encompasses the modern concept of a *true presumption* where the presumed fact must be found to exist unless sufficient evidence of the nonexistence of the basic fact is produced or unless the presumed fact is itself disproven. 2 Stansbury's N.C. Evidence § 215 (Brandis Rev. 1973). "The presumption has a technical force of weight, and the jury, in the absence of sufficient proof to overcome it, should find according to the presumption; but in the case of a mere inference there is no technical force attached to it. The jury, in the case of an inference, are at liberty to find the ultimate fact one way or the other as they may be impressed by the testimony. In the one case the law draws a conclusion from the state of the pleadings and evidence and in the other case the jury draws it. An inference is nothing more than a permissible deduction from the evidence, while a presumption is compulsory and cannot be disregarded by the jury." *Cogdell v. R.R.,* 132 N.C. 852, 44 S.E. 618 (1903); *cf., State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558 (1975).

In the majority of cases in which this court has invoked the presumption of regularity, we have treated it as a true presumption rather than an inferential one. *See, e.g., Guthrie v. Ray*, 293 N.C. 67, 235 S.E. 2d 146 (1977) (Sheriff's return); *Huntley v. Potter*, 255 N.C. 619, 122 S.E. 2d 681 (1961) (annexation proceeding); *Johnson v. Sink*, 217 N.C. 702, 9 S.E. 2d 371 (1940) (judicial sale); *Sutton v. Jenkins*, 147 N.C. 11, 60 S.E. 643 (1908) (mortgage foreclosure); *Neal v. Nelson*, 117 N.C. 393, 23 S.E. 428 (1895) (execution sale); *see,* Stansbury, *supra* at § 235 and cases cited therein. Justice Copeland, speaking of the effect of the presumption in a case where it was employed to aid in sustaining a tax assessment, said, ". . . the presumption is only one of fact and is therefore rebuttable. But, in order for the taxpayer to rebut the presumption he must produce 'competent, material and substantial' evidence. . . ." *In Re Appeal of Amp, Inc., supra* at 563.

We do not believe that the nature of the official act in this case, the mailing of a constitutionally-required notice of a tax foreclosure sale, demands that the treatment customarily afforded the presumption of regularity be altered. While strict compliance with the notice provisions of G.S. 105-392 (now G.S. 105-375) is essential to a valid sale, the purchaser at a sale under the statute is entitled to rely on the presumption that official duties in connection with the sale were regularly and properly performed until a party challenging the validity of the sale has produced ample evidence to the contrary. To decide otherwise would expose tax foreclosure sales to groundless attacks. The remedy of sale would ultimately become worthless, and the means for ensuring that the taxes due are collected would be weakened. When the law imposes the burden of producing evidence on the party claiming that a public official has failed to do his job, it strikes a reasonable balance between the public's interest in discouraging frivolous litigation over meritless claims and the individual's right to procedural regularity.

We also accept appellant's contention that the burden of proof is on the party attacking the validity of a tax foreclosure sale. Again, however, we are unable to agree with him that movant Osteen's evidence was so inadequate as to require dismissal as a matter of law.

The Machinery Act, G.S. 105-271—G.S. 105-398 (now G.S. 105-271—G.S. 105-395), does not explictly allocate the burden of proof. Prior to the adoption of the Act, the burden of proof had at various times been placed on both parties to a tax sale. Before 1887, the common law rule that placed the burden of proof on the purchaser was given effect. By Chapter 137 of the Session Laws of 1887, however, the legislature modified the common law rule and imposed the burden of proof on the party attacking the sale. *Moore v. Byrd*, 118 N.C. 688, 23 S.E. 968 (1896); *Board of Education v. Remick*, 160 N.C. 562, 76 S.E. 627 (1912). The enactment had as its purpose the bolstering of tax titles. "[U]p to 1889 no tax deed had ever been held valid on appeal to the Supreme Court and the State was a heavy loser; besides, the taxation which should have been borne by tax defaulters was thrown upon those who had already borne the burden of their own taxes. To remedy this evil, A Tax Commission was appointed to examine into the provisions for the sale of land for taxes in other states, and on their report, chapter 137, Laws 1887 (now with some modification, Revisal 2909), was adopted, which made certain recitals in a tax deed presumptive evidence and certain others conclusive evidence. The effect of the act was to change the burden of proof." 160 N.C. 562 at 566-567. Substantially similar legislation remained in force until the adoption of the Machinery Act. We do not believe that in adopting the Act the legislature intended to revert to the common law rule under which "the State was a heavy loser."

Our decision that the burden of proof is on the party attacking the validity of the tax foreclosure sale is consistent with the allocation of the burden of proof in other types of official sales. *Wadsworth v. Wadsworth*, 260 N.C. 702, 133 S.E. 2d 681 (1963) (judicial sale); *Walston v. Applewhite & Co.*, 237 N.C. 419, 75 S.E. 2d 138 (1953) (execution sale); *Johnson v. Sink*, 217 N.C. 702, 9 S.E. 2d 371 (1940) (execution sale); *Jenkins v. Griffin*, 175 N.C. 184, 95 S.E. 166 (1918) (mortgage foreclosure). A tax foreclosure under the statute applicable to this case is analogous to an execution sale. G.S. 105-392(c) (now G.S. 105-375(i)) provides that a tax foreclosure sale shall be conducted "in the same manner as other property is sold under execution."

*Walston, supra*, involved an execution sale where the plaintiff who had the burden of proof as to the sale's invalidity challenged

the sufficiency of the notice given by the sheriff concerning the sale. The court, ruling on defendant's motion for nonsuit, said: "Mrs. Walston, one of the plaintiffs, testified that the Sheriff of Wayne County did not serve on her a copy of so much of the advertisement as related to the real property of the plaintiffs herein, and that she did not receive a copy of such advertisement through the mail before the purported execution sale on 1 June 1931, as required by G.S. 1-330 (now G.S. 1-339.54). This evidence is admissible and sufficient to carry the case to the jury on the question of notice." 237 N.C. 419 at 423-424.

In the case before us an analogous sale is involved, and the evidence offered by the party with the burden of proof is similar to, if not stronger, than the evidence offered in *Walston*. Defendant administrator and his brother testified that both of them had carefully examined the papers of their dead brother, the taxpayer, and that neither of them could find any notices from the sheriff's office concerning the sale. Defendant administrator further testified that he informed the post office of his brother's death and asked that mail be forwarded to him. Thereafter, a tax notice concerning some other property of the decedent was received. Finally, it was stipulated that no record of any mailing of the notice could be found in the Henderson County Sheriff's Office. As we said in the former appeal, this evidence would support, but does not compel, a finding that the notice was not mailed. *Henderson County v. Osteen*, 292 N.C. 692, 707. We hold that this evidence was sufficient to raise an issue of fact for the fact-finder and that the court properly refused to grant plaintiff's motion to dismiss.

[2]　We also uphold the trial court's finding that the sheriff's office had failed to mail the notice of tax foreclosure required by G.S. 105-392(c) (now G.S. 105-375(i) ) and the entry of judgment based on said finding of fact.

The well-established rule is that findings of fact made by the court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support them, although the evidence might have supported findings to the contrary. *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). In this case neither side offered direct evidence on the issue in question. Plaintiffs' evidence tended to show that a

regular procedure for mailing notices of tax foreclosures was followed by the Henderson County Sheriff's Office. From this evidence the court might have inferred that the notice was properly mailed. Movant's evidence, on the other hand, showed that no record of a mailing of the notice could be found in the Sheriff's Office, that no letter addressed to decedent Frank Osteen had been returned to that office, and that no notice of tax foreclosure was found among the decedent's personal papers during a diligent search following his death. From this evidence the court could infer, as it did, that the notice was not mailed as required by law. The court, as trier of fact, chose to believe the evidence favorable to the movant and we will not now disturb its finding of the fact or the order based thereon.

For the reasons stated, the decision of the Court of Appeals is

Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.