DONALD DAVIS v. HUFF AMBULANCE SERVICE, INC., AND RICHARD KENT HUFF, SR.

No. 7923DC224

(Filed 4 December 1979)

1. **Master and Servant § 8— employment contract—hours per week—sufficiency of evidence**

   In an action by an employee to recover overtime pay from his employer, testimony by plaintiff that at the time he took the job he thought he "would be working 40 hours in 8 hour shifts" was a sufficient basis for the trial court's conclusion that the employment contract between the parties contemplated a "regular" eight hour shift and forty hour work week.

2. **Master and Servant § 9— overtime wages claimed by plaintiff—Fair Labor Standards Act applicable**

   The Fair Labor Standards Act governed defendants' liability, if any, for overtime wages claimed by plaintiff ambulance driver.

3. **Master and Servant § 9— overtime wages claimed—method of computation**

   Where the parties have agreed that the employee is to work a regular forty hour week at a specified weekly salary, the regular hourly rate is determined by dividing that salary by forty hours, and the amount of overtime is determined by multiplying that hourly wage by one and one-half as to each hour worked in excess of forty; therefore, plaintiff, who was paid $125 weekly and who accumulated overtime of five hours one week and twenty hours the following week throughout his employment with defendants, was entitled to collect overtime pay of $1637 from defendant.

APPEAL by defendants from *Osborne, Judge.* Judgment entered 6 October 1978 in District Court, YADKIN County. Heard in the Court of Appeals 24 October 1979.

Plaintiff employee sued the defendant corporate ambulance service and its principal director and stockholder for overtime pay allegedly owing. The parties stipulated before trial that plaintiff was employed by the ambulance service at a gross salary of

$125 per week and that he was employed on a shift in which he actually worked twenty-four hours on and twenty-four hours off. Plaintiff alleged in his complaint that he was employed by the ambulance service during the period between September 1974 through 3 April 1975 and as the result of his work schedule he was required to work five hours overtime one week and twenty hours overtime the following week as computed under the Fair Labor Standards Act. Plaintiff demanded $1,637 in overtime wages, court costs, and $500 for his attorney's fees. Defendants answered, denying the operative allegations of the complaint.

At trial, plaintiff testified in his own behalf and the president of the ambulance service testified in behalf of the defendants. The court, sitting in the absence of a jury, found that plaintiff was employed by the defendants from early October 1974 through the beginning of April 1975 at a salary of $125 per week on a "regular" workshift and that plaintiff was unaware that he would be required to work the lengthy hours which he in fact did work until after he took the job. The court further determined that during the course of plaintiff's employment with the defendants he worked five hours overtime one week and twenty hours the next week on an alternating basis. The court calculated plaintiff's regular hourly rate at $3.12 per hour and overtime rate at $4.68 per hour, and found the defendants jointly liable to the plaintiff in the amount of $1,637 for overtime pay, $500 for plaintiff's attorney's fees, and court costs. From this judgment the defendants appeal.

*Zachary, Zachary & Harding, by Lee Zachary, for the plaintiff appellee.*

*Randleman, Randleman & Randleman, P.A., by J. Michael Randleman, for the defendant appellants.*

WELLS, Judge.

[1] Defendants first assign as error the trial court's finding that when plaintiff was first employed by defendants the understanding between the parties was that plaintiff would work a regular shift and a forty-hour week. While the trial court, consistent with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (1938), could have found that plaintiff had contracted to work an "irregular" workshift or weekly hours in excess of forty, 29 C.F.R.

§ 778.114 (1968), he was not required to do so here. Plaintiff testified, "When I took the job, I thought I would be working 40 hours in 8 hour shifts." Despite defendant Huff's evidence to the contrary, this statement is a sufficient basis for the trial court's conclusion that the employment contract between plaintiff and defendants contemplated a "regular" eight-hour workshift and forty-hour workweek. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979).

[2]   Defendants also assign as error the trial court's finding with respect to the number of overtime hours worked by plaintiff, plaintiff's regular and overtime rates of pay, and the total overtime wages due plaintiff. The parties concede that the Fair Labor Standards Act governs defendants' liability, if any, for overtime wages. Pursuant to 29 U.S.C. § 207:

> (a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

[3]   Since the trial court properly concluded that the employment contract between plaintiff and defendants was for a regular workweek of forty hours, the trial court's conclusion that defendant's regular rate under the Act was $3.12 per hour and overtime rate was $4.68 must be sustained. The term "regular rate" is not defined in the Act. Where, as found by the trial court in the present case, the parties have agreed that the employee is to work a regular forty-hour week at a specified weekly salary, the regular hourly rate is determined by dividing that salary by forty hours, and the amount of overtime is determined by multiplying that hourly wage by one and one-half as to each hour worked in excess of forty. *Transportation Co. v. Missel*, 316 U.S. 572, 86 L.Ed. 1682, 62 S.Ct. 1216 (1942), *reh. denied*, 317 U.S. 706, 87 L.Ed. 563, 63 S.Ct. 76 (1942); *Marshall v. Shirt Corp.*, 577 F. 2d 444 (8th Cir. 1978).

The trial court concluded that plaintiff worked seventy-two hours one week and ninety-six hours the next week on an alternating basis. Since the parties agree that under the Act, nine hours of each twenty-four hour shift were allotted to sleeping and eating and were not compensable, plaintiff had alternating compensable hours of employement of forty-five and sixty hours per week. Thus, plaintiff accumulated overtime of five hours one week and twenty hours the following week throughout his employment with defendants. The trial court correctly calculated defendants' liability to plaintiff for overtime pay in the amount of $1,637.

Affirmed.

Judges ARNOLD and WEBB concur.