In re Webber v. McCoy Lumber Co.

No error.

Judges WEBB and WHICHARD concur.

IN THE MATTER OF: DAN WEBBER, D/B/A DAN WEBBER HARDWOOD LUMBER COMPANY v. McCOY LUMBER COMPANY

No. 8218SC822

(Filed 21 June 1983)

Assignments § 1— assignment of contract—action to recover money due

The trial court properly found an assignment of a contract and properly entered judgment for plaintiff on plaintiff's claim for money due from defendant where the evidence tended to show that pursuant to an agreement between Eastern Forest Products, Inc. and the plaintiff, the defendant's purchase order made to Eastern Forest Products, Inc. was assigned to the plaintiff and the plaintiff purchased the lumber materials to fill this order and shipped them to defendant's facility. G.S. 25-2-210(2).

APPEAL by defendant from *Helms, Judge.* Judgment entered 22 March 1982 in GUILFORD County Superior Court. Heard in the Court of Appeals 19 May 1983.

Plaintiff brought this action to recover money due for lumber delivered to a customer of defendant. In his complaint, plaintiff alleged, *inter alia,* that he sold the lumber to defendant, that it was delivered to defendant's customer and that defendant agreed to pay for the lumber but had failed to do so. Defendant answered, admitting that plaintiff sold the lumber and that defendant's customer received delivery of the lumber but denying liability as alleged by plaintiff. Defendant's answer further asserted a counterclaim, seeking a setoff for amounts allegedly owed to defendant by plaintiff on a separate transaction.

The case was tried before Judge Helms, sitting without a jury. After hearing the evidence, the trial judge made the following pertinent findings of fact.

3. On February 5, 1980, the Defendant submitted its purchase order number G-5263 to Eastern Forest Products, Inc., a North Carolina Corporation with its office located in Wilkesboro, North Carolina, for a quantity of lumber prod-

ucts to be delivered to the Defendant's facility in Fort Belvoir, Virginia.

4. Pursuant to an agreement between Eastern Forest Products, Inc. and the Plaintiff, the Defendant's purchase order was assigned to the Plaintiff and the Plaintiff purchased the lumber material to fill this order and shipped them to the Defendant's facility in Fort Belvoir, Virginia.

5. The Defendant acknowledged the assignment of the contract for the sale of lumber material between the Defendant and Eastern Forest Products, Inc. to the Plaintiff by negotiating with the Plaintiff regarding a set off, and thereafter asserting a set off, against the amount due on the February 5, 1980 contract for amounts allegedly due to the Defendant from the Plaintiff on certain transactions occurring in May, June, July and August of 1979, which are more specifically described in Findings of Fact numbers 10 through 15.

6. The Defendant received the lumber material delivered by the Plaintiff at the Defendant's facility at Fort Belvoir, Virginia, and the Defendant obtained the use and benefit of such lumber materials thereafter.

7. On or about February 25, 1980, the Plaintiff sent its invoices numbered 1374 and 1375 and on or about March 28, 1980 the Plaintiff sent its invoice number 1439 to the Defendant requesting payment for the lumber materials delivered pursuant to Defendant's purchase order number G-5263.

8. The Plaintiff has received no payment for the lumber materials specified in Defendant's purchase order number G-5263 and the Plaintiff's invoices numbers 1374, 1375 and 1439.

9. The Defendant is indebted to the Plaintiff in the amount of $14,211.47 with interest at the rate of 8% per annum on $9,849.68 from March 26, 1982, and at the rate of 8% per annum on $4,361.79 from April 27, 1980, by reason of the Defendant's order and the Plaintiff's delivery of the lumber materials specified in the Defendant's purchase order G-5263 and Plaintiff's invoices numbered 1374, 1375 and 1439.

Based on his findings, the trial judge made the following pertinent conclusions of law:

> 1. The Defendant entered into a contract with Eastern Forest Products, Inc. for the purchase of certain lumber materials, which contract was assignable, and was assigned from Eastern Forest Products, Inc. to the Plaintiff for performance.

> 2. The Plaintiff performed the contract between the Defendant and Eastern Forest Products and is therefore entitled to the payment specified therein and evidenced by the Defendant's purchase order G-5263 and Plaintiff's invoices numbered 1374, 1375 and 1439 in the amount of $14,211.47, plus interest at a legal rate of 8% per annum on $9,849.68 from March 26, 1980, and interest at the legal rate of 8% per annum on $4,361.79 from April 27, 1980.

Thereupon, the trial judge entered judgment for plaintiff on plaintiff's claim. Defendant appealed.

*Graham, Cooke, Miles & Bogan, by James W. Miles, Jr., for plaintiff-appellee.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, P.A., by Thomas S. Thornton and Rayford K. Adams, III, for defendant-appellant.*

WELLS, Judge.

We note at the outset that all of defendant's assignments of error relate to plaintiff's claim and no question is argued with regard to defendant's counterclaim.

In its brief, defendant contends that there was insufficient evidence to establish an assignment by Eastern Forest Products to plaintiff of its contract with defendant; that, therefore, it was incumbent upon plaintiff to plead and to establish by competent evidence that he was the "real party in interest;" and that plaintiff failed to establish this.

We have reviewed the evidence that was before Judge Helms and find it supports his findings and conclusion that there was a valid assignment of the disputed contract to plaintiff. We, therefore, do not reach the questions raised by defendant regard-

ing whether it was incumbent upon plaintiff to plead and prove that he was the "real party in interest," and we affirm the judgment of Judge Helms. *See generally* Shuford, North Carolina Practice and Procedure (2nd Ed.), Sections 17-3 and 17-5.

Findings of fact made by the trial judge in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support them, although the evidence might have supported findings to the contrary. *Henderson County v. Osteen,* 297 N.C. 113, 254 S.E. 2d 160 (1979); *Williams v. Insurance Co.,* 288 N.C. 338, 218 S.E. 2d 368 (1975).

G.S. 25-2-210(2) applies to the present case and provides:

Unless otherwise agreed all rights of either seller or buyer can be assigned except where the assignment would materially change the duty of the other party, or increase materially the burden or risk imposed on him by his contract, or impair materially his chance of obtaining return performance. A right to damages for breach of the whole contract, or a right arising out of the assignor's due performance of his entire obligation can be assigned despite agreement otherwise.

At trial, plaintiff testified to the existence of an agreement between Eastern Forest Products and himself by which he would handle certain orders. Plaintiff testified that, pursuant to this agreement he received and took over defendant's purchase order to Eastern. Plaintiff bought lumber from a mill and delivered it to defendant's customer. Plaintff's son, who was a manager in one of plaintiff's offices, testified that defendant's purchase order was assigned to plaintiff for fulfillment and invoicing. This evidence is sufficient to support findings number 4 and 9 in which the court found that defendant's purchase order was assigned to plaintiff and that defendant is indebted to plaintiff for the sale price. These findings, in turn, support the court's conclusion that there was an assignment and that defendant is indebted to plaintiff.

The judgment of the trial court must be and is

Affirmed.

Judges HEDRICK and PHILLIPS concur.