IN THE MATTER OF EDITH BOLCH MASTERS, INCOMPETENT, JOHN BOLICK, PETITIONER, v. ELEANOR B. COLE AND LILLIAN M. MANEY, RESPONDENTS

No. 8028SC220

(Filed 4 November 1980)

1. **Insane Persons § 4.1– guardian's sale of incompetent's assets – letter to clerk of court – report of sale – legal test**

   In determining whether a guardian's letter to the clerk of court constituted a report of sale of an incompetent's property within the meaning of G.S. 1-339.35 although it did not comply with all the technical requirements of the statute, the proper legal test is whether its partial compliance has fully attained the objective of the statute.

2. **Insane Persons § 4.1– sale of incompetent's property – purpose of report of sale**

   The "report of sale" of an incompetent's property required by G.S. 1-339.35 was intended not just to give record notice of the fact of sale but also to operate with G.S. 1-339.36 and G.S. 1-339.25 to ensure "that the price received shall be greater" by facilitating the practice of upset bidding by providing a clear-cut starting point for the time period during which upset bids may be filed.

3. **Insane Persons § 4.1– sale of incompetent's property – letter to clerk of court – insufficiency as report of sale**

   A guardian's letter to the clerk of court did not constitute a valid "report of sale" of an incompetent's property where it failed to set out the title of the action and failed to specify the terms of sale as required by G.S. 1-339.35(b)(1) and (b)(6), since a potential upset bidder could not look at the letter and know with certainty whether it was a report of sale.

APPEAL by petitioner from *Burroughs, Judge*. Order entered 30 October 1979 in Superior Court of BUNCOMBE County. Heard in the Court of Appeals in Waynesville on 28 August 1980.

This case involves the sale of an incompetent's real and personal property to produce assets for the benefit of the incompetent.

The events which lead up to this appeal began in 1977 with the filing of a Petition by John Bolick to have Edith Bolch

Masters declared incompetent. Mr. Bolick is a nephew of Ms. Masters. On 9 May 1977, Ms. Masters was adjudged incompetent, and Eleanor B. Cole was appointed guardian with the consent of Mr. Bolick after Ms. Cole had agreed to sell the land in question to Mr. Bolick.

On 17 September 1979, a Petition was filed by W.K. McLean, Attorney for Petitioner, Eleanor B. Cole, seeking an Order for the sale of the property of the incompetent. On 27 September 1979, the Honorable J. Ray Elingburg, Clerk of Superior Court of Buncombe County issued an Order based on the Petition heretofore filed ordering "that the properties described in the petition be sold at a private sale to be conducted by the guardian, petitioner in this cause."

Thereafter, a letter was filed with the Clerk by Ms. Cole acting as guardian, stating that she had entered into agreements to sell the real property to Ms. Maney "for the sum of twelve thousand, five hundred and no/100 dollars ($12,500.00) . . . ." In response to this letter, appellant wrote and filed letters with the Clerk, the attorney for the guardian, and the guardian stating in essence that Mr. Bolick had offered more money for the property and "is willing to pay in cash . . . ." Enclosed was a proposed contract giving the terms of the sale, a description of the property, the names of the parties, the authority of Ms. Cole to act, and it was dated and signed by Mr. Bolick.

On 11 October 1979, a Report of Sale was filed with the Clerk and signed by the Guardian for the sale of the incompetent's personal property, and another Report was filed the same day for the sale of the incompetent's real property. Both Reports had the proper captions, and each stated the price was "to be paid in cash . . . ." On the same day the Reports were filed, a Confirmation of Sale for each sale was executed and filed by the Clerk. The confirmations recite that the "sale was reported on the 11th day of October, 1979, as appears of record . . . . That the report of such sale has remained on file for ten (10) days . . . . THIS, the 11th day of October, 1979." Thence, a Confirmation of Sale for the real property was executed by Judge Robert D. Lewis, Superior Court Judge Presiding, and was filed with the Clerk on 19 October 1979.

As a result of the filing of the Reports of Sale on 11 October 1979, Mr. Bolick gave notice and submitted cash representing

an upset bid on 22 October 1979. At the same time, a Petition to Set Aside the Confirmation of Sale was filed because "ten days had not passed from the time the report of sale was filed and the confirmation of sale was filed." A second Petition to Set Aside was filed 23 October 1979, in order to encompass the Confirmation executed by Judge Lewis. Consequently, an Order was entered *ex parte* by Judge Robert M. Burroughs, Superior Court Judge Presiding, Buncombe County, setting aside the sale and ordering the properties be resold.

A hearing was held in this matter on 25 October 1979, for the purpose of reaching a final determination of the facts and rights of the parties. The Court, after hearing the arguments of the attorneys for Ms. Cole and Ms. Maney, and after reviewing the letter of 28 September 1979, felt that "that in essence is the Report of Sale." The court ordered that the dates on Judge Lewis's Order be changed to "speak the truth, that the Report of Sale was actually made on September 28, 1979, instead of October 11, 1979 ..." even though "it's not in technical compliance with the Statute ...." Mr. Bolick perfected this appeal from the 30 October 1979 Order.

*Lentz and Ball by Roger T. Smith for John Bolick, petitioner appellant.*

*DuMont, McLean, Leake, Harrell, Talman & Stevenson by Wesley F. Talman, Jr. for Eleanor B. Cole, guardian respondent.*

*Hyldburg & Grimes by Carl A. Hyldburg for Lillian M. Maney, purchaser respondent.*

CLARK, Judge.

The sole issue in this case is whether the guardian's letter of 28 September 1979 constituted a Report of Sale within the meaning of G.S. 1-339.35. That letter is set out below:

"Clerk of Superior Court
Buncombe County
Asheville, N.C.

Dear Sir:

This is to notify you that I have this day entered into agreements to sell the property of Edith Bolch Masters, located at 540 Old Haw Creek Road, as recorded in the

Register of Deeds Office in Deed Book 752, Page 9, to Lillian M. Maney for the sum of twelve thousand, five hundred and no/100 dollars ($12,500.00), and to sell the Vagabond trailer to Mark Evans for teh [*sic*] sum of two thousand, seven hundred and fifty and no/100 dollars ($2750.00).

Very truly yours,

Eleanor B. Cole, Guardian
s/ ELEANOR B. COLE

Eleanor B. Cole, Guardian
95 Pinecroft Road
Asheville, N.C. 28804"

The pertinent statute provides:

"§ 1-339.35. *Private sale; report of sale.* — (a) The person holding a private sale shall, within five days after the date of the sale, file a report with the clerk of the superior court of the county where the proceeding for the sale is pending.

(b) The report shall be signed and shall show

    (1) The title of the action or proceeding;

    (2) The authority under which the person making the sale acted;

    (3) A description of real property sold, by reference or otherwise, sufficient to identify it, and, if sold in parts, a description of each part so sold;

    (4) A description of personal property sold, sufficient to indicate the nature and quantity of the property sold to each purchaser;

    (5) The name or names of the person or persons to whom the property was sold;

    (6) The price at which the property, or each part thereof, was sold, and the terms of the sale; and

    (7) The date of the report."

Petitioner claims that the letter failed to satisfy requirements (b)(1) and (b)(6) of the above quoted statute by failing to

set out the title of the action and failing to specify the terms of the sale. The letter apparently does lack these two requirements.

Repondents claim that failure to include the title of the case is not important since the nature of the proceeding could be ascertained from the body of the letter. Respondents contend as well that sufficient terms were included. An examination of the letter, however, reveals no terms of sale other than price; yet a listing of the price is separately required by the statute. The legislature must have meant by "terms of sale" something more than price alone. Any other reading would render superfluous the language requiring "terms of sale."

Respondents assert that the sale was a cash sale and that the only reasonable conclusion that third parties could draw from the evidence of terms in the letter was that the sale was for cash. Respondents cite no North Carolina authority for this proposition. We do not accept the proposition. Were we examining a written contract between Cole and Maney, we might infer from silence as to terms that the parties intended the sale to be for cash; but here we are not looking at a written agreement between them. We are looking at a statutorily required Report of Sale designed to give notice to third parties of, among other things, the terms of the sale. It is of primary importance that a potential upset bidder recognize the paper writing filed with the court as the Report of Sale and not a mere statement of intent to bid. Such bidder should not have to infer cash terms or other provisions specifically required by G.S. 1-339.35. That guardian respondent's attorney recognized the necessity of including the terms in the Report of Sale is made manifest by their inclusion in the properly captioned Report of Sale filed 11 October 1979.

Judge Burroughs also recognized these deficiencies and noted at the hearing on 30 October 1979 that the letter was "not in technical compliance with the statute." He nonetheless held the letter to be in substantial compliance with the statute and treated it as a Report of Sale.

[1] Respondent in arguing that substantial compliance is the appropriate standard in this case states in her brief:

"'Substantial compliance' with statutory requirement is normally sufficient and occurs when as a practical matter, it is reasonable to conclude that partial compliance has fully attained objective of statute ...' 'In other words, there has been such compliance with essential requirements of statutory provisions as may be sufficient for accomplishment of purpose' *Houman v. Mayer*, 382 A. 2d 413, 474; 155 N.J. Super. 129; 40 Words and Phrases, 112 and 113 (1978-1979 Pocket Part) (Substantial Compliance with Statute)."

Regardless of the label used, we agree the proper legal test to apply to the letter before us is whether its partial compliance has *fully attained* the objective of the statute. We begin this determination by examining the purpose or objective of G.S. 1-339.35.

[2] We believe the legislature intended the Report of Sale under G.S. 1-339.35 to accomplish one major objective:

"Proceedings outlined by statute for the holding of judicial sales ... and giving notice thereof are 'merely methods of administration and disposition of property by fiduciary officers, *their purpose being that the price received shall be greater*, and not that the title given shall be better.'" [Citations omitted, emphasis added].

*Wadsworth v. Wadsworth*, 260 N.C. 702, 708, 133 S.E. 2d 681, 686 (1963). The Report of Sale was thus intended not just to give record notice of the fact of the sale but, more importantly, to operate along with G.S. 1-339.36 and 1-339.25 to ensure "that the price received shall be greater" by facilitating the practice of upset bidding by providing a clear-cut starting point for the time period during which upset bids could be filed.

[3] In determining whether the 28 September letter accomplishes these purposes, we note that G.S. 1-339.25 requires that upset bids be deposited "with the clerk of the superior court, with whom the report of the sale was filed, within ten days after the filing of such report." This provision applies to private sales. G.S. 1-339.36(b). Thus the time for filing an upset bid is determined from the date of the Report of Sale and to accomplish the purpose of the legislature a writing filed with the clerk must not only put third parties on notice that the Commissioner has an

offer which he wishes the court to accept, but also that this writing is the statutorily required Report of Sale which begins the running of the ten days in which upset bids may be filed. The letter of 28 September in this case, by failing to set out the title of the case or to style itself a Report of Sale, left reasonable doubt as to its status. We believe the upset bidding procedure can work properly only when there is certainty as to what constitutes a Report of Sale so that the potential upset bidder can know with certainty by what date he must deposit his upset bid with the Clerk of Court. We note that the potential upset bidder in this case did not have the benefit of the judicial determination that the letter was a Report of Sale until it was *already too late* to file an upset bid.

We believe, moreover, that partial compliance with the statutory language is no compliance at all, where, as here, it fails to achieve the legislature's objective of facilitating the practice of upset bidding by ensuring certainty on the part of potential upset bidders as to when their upset bids must be deposited with the clerk. To effectuate the legislative purpose of the statute we must ensure that a potential upset bidder can look at a writing filed with the clerk and *know* whether it is a Report of Sale.

This result seems to us particularly just in the case *sub judice* in light of the party who will benefit from our holding, the incompetent. "There is no principle more universally recognized in the law than this: Those who by reason of legal disability are unable to preserve for themselves their legal rights are deserving of having those rights assiduously protected by the courts including courts of last resort." *In re Lancaster*, 290 N.C. 410, 423, 226 S.E. 2d 371, 379 (1976). The device of the upset bid was to have protected the incompetent, Ms. Masters, by assuring that her property bring the best price possible. We will not allow this protective device to be circumvented, however inadvertently.

The portion of the order of 30 October 1979 which amended the prior confirmations of the clerk and judge to reflect the date of the Report of Sale as 28 September 1979, is vacated. The confirmations thus read as originally filed, *i.e.*, in the case of the clerk's confirmation: "sale was reported on the 11th day of October, 1979, as appears of record. . . . [R]eport of such sale has

remained on file for ten (10) days .... THIS, the 11th day of October, 1979"; and in the case of the judge's confirmation: "sale was reported on the 11th day of October, 1979, as appears of record .... [R]eport of such sale has remained on file for ten (10) days .... THIS, the 19th day of October, 1979." The irregularities on the faces of these confirmations establish their invalidity in that the clerk and judge acted without statutory authority when they confirmed the sale prior to the expiration of the statutorily required ten-day period for the deposit of upset bids. G.S. 1-339.37. Mr. Bolick's upset bid of 22 October 1979 was thus timely filed. *See* G.S. 1-339.36 and 1-339.25.

The order of 30 October 1979 is vacated and the cause is remanded for proceedings consistent with this opinion.

Vacated and Remanded.

Judges MARTIN (Harry C.) and HILL concur.