Noble v. Noble

---

DOROTHY S. NOBLE v. ARTHUR FRANK NOBLE II

No. 7310DC246

(Filed 25 April 1973)

**Trial § 6— division of entirety property — stipulation — award beyond scope of stipulation**

In an action for alimony without divorce where the parties stipulated that all controversy between them had been settled except for a division of property which they submitted to the court for "arbitration," the trial court went beyond the scope of the stipulation in its findings, conclusions and adjudication that defendant was the sole owner of the property in question since there was nothing in the pleadings or in the stipulation to put plaintiff on notice that the action would become one to try title to real estate or to declare the deed to plaintiff and defendant, which indicated that they were tenants by the entireties and of which plaintiff was in possession, void.

APPEAL by plaintiff from *Winborne, Judge,* 6 November 1972 Session of District Court held in WAKE County.

Plaintiff, Dorothy S. Noble, instituted this action for alimony without divorce on 28 January 1972. Defendant, on 7 February 1972, filed an answer and a counterclaim for divorce from bed and board. Prior to the commencement of trial, the parties stipulated:

"[T]hat all things and controversies have been settled saving and except a division of property as between the parties; that the parties stipulate to submit that question to the Court for arbitration, and each party reserves the right to appeal said arbitration as to the findings of fact and conclusions of law reached by the Court."

Thereafter, the trial judge heard testimony of the parties and made findings and conclusions thereon and entered judgment which included the following: "1. The Defendant is the sole owner of the Dare County property and as soon as practical the Plaintiff will execute a deed for same to the Defendant."

Plaintiff excepted to the quoted portion of the judgment and the findings of fact and conclusions of law supporting the same and appealed.

*Vaughan S. Winborne for plaintiff appellant.*

*Gulley & Green by Jack P. Gulley for defendant appellee.*

HEDRICK, Judge.

The only question presented for our determination is whether the court erred in finding as a fact, concluding as a matter of law and adjudging that defendant is the sole owner of the Dare County property and ordering plaintiff to execute a deed for said property to defendant.

The evidence tended to show: Plaintiff and defendant were married to each other on 19 June 1960 and separated on 21 December 1971. Defendant acquired the Dare County real estate prior to the marriage. On 29 November 1960, plaintiff and defendant executed a deed for said property to third parties and they, on the same day, executed a deed for the property to defendant and plaintiff. Defendant did not have the deeds recorded but placed them in a drawer at his home in Raleigh. He never delivered the deeds to plaintiff and she paid nothing for an interest in the property. Around Christmas of 1971 plaintiff accidentally found the deeds and on 31 January 1972 had them recorded in Dare County.

The court found as fact that "The Dare County deed to Defendant and wife, Plaintiff, was recorded by the Plaintiff on January 31, 1972, without the delivery, consent or knowledge of the Defendant"; the court concluded "[t]hat the Dare County property was conveyed into joint names by an alleged deed of gift," that there was no actual or implied delivery of said deed by defendant to plaintiff, that said deed was not recorded in sufficient time to constitute a valid deed of gift, and that defendant is the full and rightful owner of the Dare County property and is entitled "to right, title and possession of same."

Assuming, but not deciding, that pursuant to the stipulation the trial court had jurisdiction to "arbitrate" property rights between the parties, we think the court went beyond the scope of the stipulation in its findings, conclusions and adjudication with respect to the Dare County real estate. A stipulation should not be construed so as to extend its terms beyond that which a fair construction justifies; and a stipulation must be construed in the light of the circumstances surrounding the parties and in view of the result which they were attempting to accomplish. 50 Am. Jur., Stipulations, § 8, p. 609.

In the case at bar, when the stipulation was entered into plaintiff was in possession of a recorded deed indicating that

she and defendant owned the Dare County property as tenants by the entireties. It would have been a reasonable assumption on her part that "a division of property" would be based on that fact. There is nothing in the pleadings or in the stipulation to put plaintiff on notice that this action would become an action to try title to real estate or to declare the deed to plaintiff and defendant void. This is not to say that defendant may not, in a *proper* action, have the courts pass upon the validity of the challenged deeds, but we do not think their validity was properly before the court in this action.

We hold that the findings of fact, conclusions of law, and adjudication in the judgment pertaining to the Dare County property are invalid and the judgment is modified accordingly. In all other respects, the judgment is affirmed.

Modified and affirmed.

Judges BRITT and PARKER concur.