Broughton v. Broughton

ROBERT B. BROUGHTON v. CELESTE GOLD BROUGHTON

No. 7410DC392

(Filed 3 July 1974)

Husband and Wife § 12— property settlement decree — estoppel to assert invalidity — absence of consent

Plaintiff is estopped to challenge the validity of a property settlement decree on the ground that it was entered without defendant's consent where plaintiff immediately complied with the provisions of the settlement and defendant has accepted the benefits thereof; furthermore, defendant's lack of consent was not shown by defendant's institution of a suit after the decree was entered for personal injuries allegedly covered by the settlement decree, by defendant's failure to deliver personal property to plaintiff as ordered by the decree, or by defendant's interference with plaintiff's child visitation privileges.

APPEAL by plaintiff and defendant from Winborne, District Court, at the 24 October 1973 Session of WAKE County District Court.

Heard in the Court of Appeals 12 June 1974.

Plaintiff brought this action for divorce based upon a one-year separation. Defendant counterclaimed for alimony, custody of the minor children and child support. In four separate judgments or orders, all filed on 5 January 1973, Judge Winborne (1) by "Judgment" granted to plaintiff an absolute divorce; (2) by "Judgment of Permanent Alimony" the court found that plaintiff stipulated that defendant was entitled to permanent alimony and the court awarded the defendant permanent alimony in an amount to be fixed by the court; (3) by "Order of Custody and Visitation" awarded custody of the two minor children to defendant and granted to plaintiff visitation rights allowing the children to visit with him overnight two weekends per month and for two weeks each summer; (4) by "Order of

Permanent Alimony" awarded to defendant permanent alimony and child support of fifteen hundred dollars ($1,500.00) per month. This sum apparently breaks down as five hundred dollars ($500.00) per month child support for each minor child and five hundred dollars ($500.00) per month alimony. It was also ordered that plaintiff pay on behalf of the children, all medical and dental bills over three hundred dollars ($300.00). In addition, the trial court ordered the plaintiff to reimburse the defendant for seventy-five hundred dollars ($7,500.00) in debts and obligations she had paid and assumed since the separation of the parties. The trial court also awarded to the defendant her attorneys' fees and one of the family cars. Finally, as a property settlement and *not alimony,* the defendant was awarded the family home and ten thousand dollars ($10,000.00). The "Order of Permanent Alimony" then read:

> "The provisions of this order relating to the transfer of title to real property and to the designation of payments and transfer of property as being in the nature of property settlement, permanent alimony, and child support are entered with the consent and approval of the plaintiff made in open court."

Neither party appealed the judgments or orders of the trial court. The plaintiff immediately undertook compliance with the order including the payments and transfer of title to the residence. Plaintiff has now remarried.

On 17 May 1973, the defendant obtained a Show Cause Order directing the plaintiff to appear and show cause why he should not be held in contempt for failing to make the designated payments. Plaintiff then answered on several grounds and moved under Rule 60 of the North Carolina Rules of Civil Procedure to vacate the Judgment of Permanent Alimony and the Order of Permanent Alimony on the grounds that, (1) the Order and Judgment were entered through mistake, inadvertence and surprise in that the trial court entered the orders under the misapprehension that the defendant had consented to certain stipulations concerning the property settlement; and (2) that the Order and Judgment were void in that they were predicated on stipulations that were not consented to by the defendant. The defendant then moved to set aside the absolute divorce.

The trial court denied plaintiff's motion to set aside the Order of Permanent Alimony and held said order to be valid

Broughton v. Broughton

and binding on the parties. In denying the motion, the trial court found as a fact that the plaintiff had complied with the requirements of the Order, including transfer of title to the residence and his bi-weekly payments of seven hundred fifty dollars ($750.00) until 1 June 1973. The trial court further found as a fact that the defendant, by her conduct, accepted the terms of the Order, including acceptance of the transfer of real property and the several payments for alimony, child support, and property settlement. The trial court then concluded that plaintiff and defendant, by their conduct, had accepted and consented to the provisions of the Order of Permanent Alimony and that they were therefore estopped to deny its validity. The trial court also denied defendant's motion to set asside the absolute divorce. Both parties appealed.

*Emanuel and Thompson by Robert L. Emanuel for plaintiff appellant, appellee.*

*Vann & Vann by Arthur Vann and Arthur Vann III for defendant appellant, appellee.*

CAMPBELL, Judge.

In this appeal defendant contends that the divorce decree and judgment and order of permanent alimony and child custody were validly entered and should be affirmed. Defendant's appeal is only to the point that should the Order and Judgment of Permanent Alimony be invalidated, then the decree of absolute divorce should also be overturned. We shall deal with this issue after considering plaintiff's appeal.

Plaintiff contends that the Order of Permanent Alimony, as it relates to property settlement, is void in that it was entered without defendant's consent and that therefore the trial court was without authority to act. Apparently, plaintiff contends that defendant's lack of consent is shown by the fact that some four months after the divorce the defendant filed suit for the recovery of damages for personal injuries allegedly sustained at the hands of the plaintiff during the marriage of the parties. Plaintiff contends that negotiations concerning the alleged personal injury took place before the divorce judgment and further that defendant's claim was covered by and cut off by the property settlement portions of the Judgment of Permanent Alimony. Plaintiff contends that defendant's lack of consent is further shown by the fact that certain items of the personal

property of the plaintiff which were in defendant's possession at the time of the judgment and which were ordered to be delivered to plaintiff, have not been so delivered, and also by the fact that defendant has infringed upon plaintiff's visitation rights.

Property settlements may be merely approved by the court or may be merged into the decree as here and given decretal effect. Such a property settlement is valid and binding unless it can be shown that the decree was procured through fraud. See generally 27B C.J.S., Divorce, § 301(2), p. 408 (1959). Plaintiff has failed to show that the decree was obtained by fraud. The defendant does not contest the decree, and the trial court expressly found as a fact that the plaintiff consented. Plaintiff immediately complied with the provisions of the property settlement and defendant has accepted the benefits thereof. The plaintiff is bound by his stipulations, *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118 (1956), *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964), and is estopped to challenge the validity of the decree. See also *Noble v. Noble*, 18 N.C. App. 111, 196 S.E. 2d 62 (1973). Plaintiff has failed to show mistake or excusable neglect or that the judgment is void within the requirements of Rule 60 of the North Carolina Rules of Civil Procedure. Plaintiff's argument concerning the personal injury suit by the defendant is misplaced and would be raised more properly as a *res judicata* defense in the personal injury suit. The plaintiff's arguments concerning visitation and personal property would more properly be raised in a contempt proceeding. We find no error in the denial by the trial court of plaintiff's motion to set aside the Judgment of Permanent Alimony and the Order of Permanent Alimony. In light of this decision, we need not discuss defendant's appeal.

No error.

Judges PARKER and HEDRICK concur.