ETHYL H. LOWE v. BELL HOUSE, INC.

No. 8418DC309

(Filed 16 April 1985)

1. Master and Servant § 112— Fair Labor Standards Act—night hours on call— compensable work time

Night hours on call by plaintiff, a night supervisor in a residential care facility for physically handicapped young adults, constituted compensable work time under the Fair Labor Standards Act even though plaintiff was permitted to sleep where, in addition to her regular 40-hour work week, plaintiff was required to stay in an apartment on the premises for another 40 hours per week from 11:00 p.m. until 7:00 a.m. on Sunday through Thursday nights; plaintiff was awakened by a night aide an average of two to three times a week for a period of between one-half hour and an hour; and for some period during her employment plaintiff was also awakened once or twice a week by a malfunctioning fire alarm for a period of one to one and one-half hours per interruption. The frequency of interruptions and the fact that plaintiff's time was spent in the apartment predominately for the employer's benefit established that the night hours were compensable.

2. Master and Servant § 112— recovery for violation of Fair Labor Standards Act

An employer who violates the minimum wage or overtime provisions of the Fair Labor Standards Act is liable to the employee for the amount of unpaid minimum wages or unpaid overtime compensation, an equal amount as liquidated damages, reasonable attorney fees, and costs of the action. 29 U.S.C. §§ 206, 207 and 216(b).

APPEAL by defendant from *Hunter, Judge.* Judgment entered 31 October 1983 in District Court, GUILFORD County. Heard in the Court of Appeals 27 November 1984.

*Hunter, Hodgman, Greene, Goodman & Donaldson, by Robert N. Hunter, Jr., for plaintiff appellee.*

*Thompson, Mann and Hutson, by M. Lee Daniels, Jr., for defendant appellant.*

BECTON, Judge.

On 6 May 1982 plaintiff, Ethyl H. Lowe, instituted this action to recover unpaid minimum wages, overtime compensation, liquidated damages and attorney's fees from the defendant, Bell House, Inc., pursuant to the Fair Labor Standards Act of 1938 (FLSA), as codified at 29 U.S.C. Secs. 201-19 (1982). Lowe had worked as a night supervisor at Bell House, a non-profit residen-

tial care facility for physically handicapped young adults, from 22 October 1979 until 13 November 1980. After a bench trial, the trial court concluded that the night hours Lowe had spent on call at Bell House were compensable work time under the FLSA. The trial court ordered Bell House to pay to Lowe $5,609.98 in "back wages" and $2,000 in attorney's fees. Bell House appeals.

Bell House assigns error to several of the trial court's findings of fact, the conclusion that Lowe's night hours were compensable work time, and the award of attorney's fees. We are not persuaded. For the following reasons, though, we vacate and remand the matter to the trial court for additional findings of fact.

I

Initially, from 22 October 1979 until 23 August 1980, Lowe's duties as night supervisor included the personal care of the residents from 7:00 a.m. until 9:00 a.m. and 5:00 p.m. until 11:00 p.m., Monday through Friday, a total of forty hours per week. Moreover, she was required to remain on call in an apartment on the premises for an additional forty hours per week, from 11:00 p.m. until 7:00 a.m., Sunday night through Thursday night, in case of an alarm or an emergency. From 9:00 a.m. until 5:00 p.m., Monday through Friday and from 11:00 p.m. Friday until 11:00 p.m. Sunday, Lowe was free to leave Bell House and spend her time as she pleased. From 23 August 1980 until 13 November 1980, Lowe also worked a total of five weekends. On those weekends she was on call in the apartment at Bell House from 11:00 p.m. until 7:00 a.m. Friday and Saturday nights, a total of sixteen hours per weekend, and she personally supervised the residents from 7:00 a.m. until 11:00 p.m., Saturday and Sunday, a total of thirty-two hours per weekend.

Only the uncompensated night hours spent on call, 11:00 p.m. until 7:00 a.m., from 22 October 1979 until 13 November 1980, are contested work time. The parties stipulated, and the trial court found as facts, that (1) Lowe was allowed to sleep during those night hours on call; (2) Lowe was awakened by the night aide "on an average of two or three times a week for a time period of between one-half hour and one hour"; and (3) "for a period during her employment" she was also awakened "once or twice a week by a fire alarm malfunctioning for a period of one to one and one-half hours per interruption."

II

[1]   Under the FLSA, an employee who is "engaged in commerce or in the production of goods for commerce," is entitled to compensation at one and a half times the regular rate if he works "overtime," *i.e.*, more than forty hours during a work week. 29 U.S.C. Sec. 207(a)(1) (1982). A salaried employee working a standard number of hours is entitled to overtime compensation at one and a half times his regular rate of pay, which is "computed by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. Sec. 778.113 (1984). A salaried employee who has a "clear mutual understanding" with his employer that he will receive a fixed salary for fluctuating work hours comes within the separate provisions of 29 C.F.R. Sec. 778.114 (1984), which are not applicable here. We note that the trial court failed to make findings on Lowe's regular rate of pay, her status as an hourly wage or salaried employee, and the number of hours subject to overtime compensation, findings which are necessary to accurately compute overtime compensation. Bell House comes within the provisions of the FLSA pursuant to 29 U.S.C. Sec. 203(r)(1) (1982). *See Hahn v. Ingram*, 362 F. Supp. 982 (D. Del. 1973). Thus, Bell House's liability for overtime compensation under the FLSA depends on whether Lowe's night hours on call constitute compensable work time even though Lowe was permitted to sleep.

Sleep time may be considered work time under certain circumstances. *Armour & Co. v. Wantock*, 323 U.S. 126, 89 L.Ed. 118, 65 S.Ct. 165 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134, 89 L.Ed. 124, 65 S.Ct. 161 (1944).

> Readiness to serve may be hired, quite as much as service itself, and time spent lying in wait for threats to the safety of the employer's property may be treated by the parties as a benefit to the employer. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case.

*Armour*, 323 U.S. at 133, 89 L.Ed. at 124, 65 S.Ct. at 168. The *Skidmore* Court elaborated on the approach the trial court should take in resolving this factual question:

> scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the

working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances.

323 U.S. at 137, 89 L.Ed. at 128, 65 S.Ct. at 163.

In the case *sub judice* the trial court found that there was no "written or oral agreement" between the parties "as to compensation of the contested hours Ms. Lowe spent each night on [Bell House's] premises." The trial court further found that Lowe's calls to active duty during the night hours were "numerous and regular" and that "the conditions at the apartment were inferior and substantially less desirable than would be likely to exist at [Lowe's] home" before concluding that the night hours on call were compensable work time.

"The well-established rule is that findings of fact made by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support them, although the evidence might have supported findings to the contrary." *Henderson County v. Osteen*, 297 N.C. 113, 120, 254 S.E. 2d 160, 165 (1979). Unless the facts are not supported by any substantial evidence, this Court is bound by the findings of fact and may review only the trial court's application of law to such facts. *Davison v. Duke Univ.*, 282 N.C. 676, 194 S.E. 2d 761 (1973). We find that there is competent evidence to support the trial court's findings of fact.

The frequency of the interruptions established that Lowe's night hours on call were compensable since they were "spent predominantly for the employer's benefit." *Armour*, 323 U.S. at 133, 89 L.Ed. at 124, 65 S.Ct. at 168. In *Central Missouri Tel. Co. v. Conwell*, 170 F. 2d 641 (8th Cir. 1948), the court held that telephone operators on duty for an eleven hour shift were entitled to overtime compensation for the entire three hours per night designated by the employer as sleeping time, because they were there "for their employer's benefit." Some nights the operators handled frequent calls. Other nights they were able to get "several hours of uninterrupted sleep." The Eighth Circuit distinguished *Rokey v. Day & Zimmerman*, 157 F. 2d 734 (8th Cir. 1946), the case of a watchman on twenty-four hour duty who was only awakened infrequently while on duty, on the average less than once every three months. In *Rokey* separate payment for each call to duty

was deemed adequate compensation. *See also Bowers v. Remington Rand, Inc.*, 159 F. 2d 114 (7th Cir. 1946) (24 hour shift — infrequent interruptions — no overtime for entire 8 hour rest period); *Rural Fire Protection Co. v. Hepp*, 366 F. 2d 355 (9th Cir. 1966) (24 hour duty — permanent residence — no overtime for entire sleep time — payment for all work time greater than one hour); *Skidmore* (question of fact — 24 hour duty — infrequent interruptions — separate compensation for each call); *Armour* (24 hour duty — infrequent interruptions (less than ½ hour per week) — separate compensation for each call — no overtime). *Compare Strand v. Garden Valley Tel. Co.*, 51 F. Supp. 898 (D. Minn. 1943) (telephone operator — less than 24 hour duty — frequent interruptions — overtime).

The mere fact that Lowe "accepted her pay without complaint," is not conclusive evidence of an implied agreement between the parties, as argued by Bell House. The trial court made no findings on an implied agreement. In its brief, Bell House asserts that the existence of an implied agreement is a mixed question of law and fact that is fully reviewable on appeal. We disagree. The existence of an agreement is a question of fact properly submitted to the trier of fact. *Patton v. Sinclaire Lumber Co.*, 179 N.C. 103, 101 S.E. 613 (1919). Even if the trial court had found an implied agreement between the parties, it would have been simply one factor to consider in determining whether the sleep time was compensable work time. *Skidmore.* Indeed, some federal courts have held that an implied or express agreement is not enforceable if it contravenes the FLSA and the interpretative case law. *General Electric Co. v. Porter*, 208 F. 2d 805 (9th Cir. 1953); *Walling v. Mid-Continent Pipe Line Co.*, 143 F. 2d 308 (10th Cir. 1944); *Eustice v. Federal Cartridge Corp.*, 66 F. Supp. 55 (D. Minn. 1946). *Accord* 29 C.F.R. Sec. 785.22(b) (1984) (Although an employer and employee may agree to exclude an 8-hour sleep period from work time on a 24 hour shift, the entire 8 hours must be counted as work time "[i]f the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep."); 29 C.F.R. Sec. 785.23 (1984) (only a "reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted."); Opinion Letter No. 1559 (W-H 505) [2 Wages-Hours] Lab. L. Rep. (CCH) Sec. 31,362 (3 February 1981).

## III

[2]  Pursuant to 29 U.S.C. Sec. 216(b) (1982), any employer who violates the minimum wage or overtime provisions of 29 U.S.C. Secs. 206 and 207 (1982) is liable to the employee for the amount of unpaid minimum wages or unpaid overtime compensation and an equal amount as liquidated damages. In addition, the trial court shall award the employer a "reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. Sec. 216(b) (1982).

Bell House contends that if the sleep time is not compensable, the trial court should not have awarded any attorney's fees for the period after 1 August 1983, when Bell House made an offer of judgment for $1,309.00. *See* N.C. Gen. Stat. Sec. 1A-1, Rule 68 (1984). Since we have concluded that the sleep time on call was compensable, this assignment of error is summarily dismissed.

## IV

We remand this case to the trial court for findings of fact on Lowe's regular rate of pay, her status as an hourly wage or salaried employee, and the number of hours subject to overtime compensation. Having properly concluded that all the night hours Lowe spent on call were compensable work time, the trial court may then calculate the amount of overtime compensation due Lowe.

Vacated and remanded for an order consistent with this opinion.

Judges ARNOLD and WELLS concur.