Ernest **MORRISROE, et al., Plaintiffs,**

v.

**GOLDSBORO MILLING COMPANY,**
et al., **Defendants.**

No. 93–117–CIV–7–D.

United States District Court,
E.D. North Carolina,
Wilmington Division.

Aug. 24, 1994.

keys, a Partnership, Carroll's Processing, Inc. dba nmi Carolina Turkeys.

## ORDER

DUPREE, District Judge.

This action is before the court on the United States Magistrate Judge's memorandum and recommendation filed July 21, 1994.

More than thirty days have elapsed since the magistrate judge's recommendation was filed, and none of the parties have objected. The court's independent review of the record in the case has led to the conclusion that the magistrate judge's recommendation is correct and in accordance with law and should therefore be accepted by the court. Accordingly, the same is hereby adopted by the court as its own and for the reasons stated therein it is now

ORDERED that plaintiffs' motion to strike defendants' affirmative defense entitled "set off" is denied but plaintiffs' motion to dismiss defendants' counterclaim is allowed and defendants' counterclaim is dismissed.

## MEMORANDUM AND RECOMMENDATION

DENSON, United States Magistrate Judge.

THIS CAUSE comes before the court on Plaintiffs' Motion to Strike Affirmative Defense and to Dismiss Counterclaim of Defendants. Defendants have responded and Plaintiffs have filed a reply. The motion is now ripe for disposition.

### I

This action was brought by Plaintiffs as a statutory class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs are current and former employees of Maxwell Farms, Inc., and Carroll's Processing, Inc. d/b/a Carolina Turkeys in and around Duplin County, North Carolina. Plaintiffs allege that Defendants did not pay them at the overtime wage rate required by the FLSA for each hour or part of an hour that they actually worked for Defendants based upon certain illegal wage deductions

Robert J. Willis, Raleigh, NC, for plaintiffs Ernest Morrisroe, Angelita Morrisroe, Maria Ester Reyes, and Levi B. Hernandez, for themselves and all other persons similarly situated.

J. Randall Hiner, Ward & Smith, New Bern, NC, for defendant G.L. Processing, Inc., Maxwell Farms, Inc. dba Carolina Turkeys, a Partnership, Carroll's Processing, Inc. dba nmi Carolina Turkeys.

specifically alleged in Plaintiffs' Second Amended Complaint.

Defendants answered the complaint, asserting affirmative defenses and a counterclaim. In the present motion, Plaintiffs seek to have stricken Defendants' affirmative defense titled "Setoff," which reads:

> In the event it is determined by the Court that deductions made by Defendants for housing, electricity, and supplies are not reasonable and not permitted, which claim Defendants deny, Defendants pray for a setoff against said liability on the part of Defendants in an amount considered by the Court to be a fair and reasonable charge for housing, electricity, and supplies provided by Defendants' [sic] to Plaintiffs and other employees who have filed consents to become parties to this action, and for their benefit.

In the alternative, Defendants assert a counterclaim, which Plaintiffs request be dismissed. The counterclaim states:

> If it is determined by the Court that such deductions [for housing, electricity, and supplies] were not permissible, which Defendants continue to deny, Defendants have a counterclaim against said employees for the reasonable costs for providing housing, electricity and supplies to said employees, which said amount shall be determined at trial."

## II

■ Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party ..., the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike a defense as legally insufficient are generally disfavored by courts and are usually denied unless there is a showing of prejudice to the moving party. *See* Wright and Miller, *Federal Practice and Procedure* § 1381, at 672 (1990) (and cases cited therein). However, a motion to strike a defense "is appropriately granted when the defense is clearly legally insufficient as, for example, when there is clearly no bona fide issue of fact or law." *Federal Deposit Insurance Corp. v. British–American Corp.,* 744

F.Supp. 116, 117–18 (E.D.N.C.1990) (quoting *United States v. 729.773 Acres of Land,* 531 F.Supp. 967, 971 (D.Hawaii 1982)).

Plaintiffs, in their motion, claim that Defendants' affirmative defense and counterclaim regarding costs for housing, electricity and supplies provided to Plaintiffs are insufficient as a matter of law and therefore should be stricken and dismissed, respectively. Plaintiffs characterize the defense and counterclaim as "an attempt [by Defendants] to shift liability for their alleged violations of the FLSA and the NC Wage and Hour Act to the named plaintiffs and the workers they seek to represent." They argue that, since such "liability shifting" is not permitted under the FLSA, the defense should be stricken and the counterclaim should be dismissed.

Furthermore, Plaintiffs contend that Defendants' set-off and counterclaim, as they are written, are insufficient or do not state a claim for two additional reasons. The first is that "the language and the operative allegations of that set-off and counterclaim are *not* restricted to the 'reasonable cost ... to the employer of furnishing such employee with board, lodging, or other facilities *customarily furnished by such employer to his employees.'*" (emphasis in original). The second is that the counterclaim, as it is worded, would allow Defendants to "recoup illegal wage deductions which did not reduce the net wages received by the ... plaintiffs ... to an amount or wage rate below the minimum wage and overtime wage rate required by the FLSA and the NC Wage and Hour Act."

## III

■ Under section 203(m) of the FLSA, an employer may include in employee wages "the reasonable cost ... of furnishing [an] employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees ..." 29 U.S.C.A. § 203(m). *See, e.g., Jones v. Jefferson,* 91 N.C.App. 289, 299, 372 S.E.2d 80, 85 (1988). "When calculating the amount of back wages due to an employee under the FLSA, therefore, the employer is entitled to a credit for the reasonable cost of providing the meals and lodg-

ing." *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 473–74 (11th Cir.1982). However, "the employer has the burden of showing that he has satisfied the conditions imposed by the FLSA and regulations in order to be entitled to a credit for the reasonable cost of meals and lodging provided to employees." *Id.* at 474 (citing *Marshall v. DeBoard,* Lab.Cas. P 33,721 (E.D.Okl.1978)).

■ "Reasonable cost" has been defined in the regulations promulgated by the Secretary of Labor as "not more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees." 29 C.F.R. § 531.3 (1981). This may not include any profit to the employer. *Id.* In order to meet the burden of proving "reasonable cost," an employer must keep records of the cost incurred in furnishing such board and lodging. *Id.* at § 516.28. In addition, an employer may invoke the assistance of the Administrator of the Wage and Hour Division for a determination of reasonable cost. *Id.* at § 531.4. If an employer fails to maintain the required records and there has been no determination of reasonable cost by the Wage and Hour Division, the employer will be denied any credit for expenses incurred. *Leonard v. Carmichael Properties and Mgmt. Co.,* 614 F.Supp. 1182, 1188 (S.D.Fla.1985). *See also New Floridian Hotel,* 676 F.2d at 475; *Washington v. Miller,* 721 F.2d 797, 803 (11th Cir.1983); *Brennan v. Veterans Cleaning Service, Inc.,* 482 F.2d 1362 (5th Cir.1973). Defendants, in their Setoff, request that, if found liable to Plaintiffs, they be credited for the "amount considered by the Court to be a fair and reasonable charge for housing, electricity, and supplies provided ..." If Defendants have complied with the record-keeping provisions, 29 C.F.R. § 516.27, in order to demonstrate the reasonable cost of the expenditures, and if these expenditures were of a kind "customarily furnished by such employer to his employees," 29 U.S.C.A. § 203(m),

Defendants would, in fact, be entitled to a credit against back wages awarded to Plaintiffs for these expenditures. *See, e.g., New Floridian Hotel,* 676 F.2d at 473–74.[1] Accordingly, since Defendants' "Setoff" is not clearly insufficient as a matter of law, it is RECOMMENDED that Plaintiffs' Motion to Strike Defendants' Affirmative Defense be DENIED.

IV

■ Defendants also assert a counterclaim against Plaintiffs for "the reasonable costs for providing housing, electricity and supplies to said employees." There is no authority to support such an independent claim by the employer against his employees under the FLSA. Section 203(m) of the FLSA permits the employer to include as part of an employees wage the reasonable cost for furnishing board, lodging or other facilities. This means that if an employee is awarded back wages under the FLSA, an employer may be entitled to a *credit* against that award for costs expended by the employer for the employee's housing and food. However, the FLSA does not countenance an independent action by an employer to recover these costs if no back pay has been awarded to the employee.

■ The purpose of the FLSA is to insure employer compliance with minimum wage and overtime standards. *Brennan v. Heard,* 491 F.2d 1, 4 (5th Cir.1974). If an employer is permitted to collect on a debt owed the employer by its employees via a separate action or counterclaim to an action under the FLSA, the purpose of the Act is undermined. "To permit [an employer] in [an FLSA] proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process." *Donovan v. Pointon,* 717 F.2d 1320, 1323 (10th Cir.1983) (recommending that Defendant pursue independent claims against employees for cash advances and damages in state

---

1. In fact, Plaintiffs, in their reply brief, concede this point: "to the extent that the defendants' set-off and counterclaim seek credit for the actual cost of the housing 'customarily furnished' to each of the plaintiffs with respect to their obligation to pay the minimum and overtime wages to each of those same plaintiffs at the rate and amount required by the FLSA and the NC Wage and Hour Act, and that actual cost is substantiated by properly maintained payroll and accounting records required by 29 C.F.R. § 516.27, the plaintiffs in this case have no objection to allowing that set-off and counterclaim to proceed." Plaintiff's Reply Brief at 7 n. 3.

court). *See also Heard*, 491 F.2d at 4 ("To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act."). Accordingly, since, under any set of facts, Defendants cannot state a claim for recovery for their costs independent of a back pay award to Plaintiffs, it is RECOM-MENDED that Plaintiffs' Motion to Dismiss Defendants' Counterclaim be ALLOWED and Defendants' Counterclaim be DIS-MISSED.

SO ORDERED, this 20th day of July, 1994.